McNULTY, JOSEPH P. (Ret.), Associate Judge.
The state brings this appeal from an order granting appellee’s motion to dismiss the indictment herein on the grounds of double jeopardy and collateral estoppel. We reverse.
Appellee was charged in an indictment with the commission of a sexual battery on a female child of seven years. The date of the alleged offense as set forth in the indictment was October 8, 1975. He was also charged in a separate indictment with the commission of sexual battery on the same victim allegedly committed on September 27, 1975. Each indictment was separately filed and each bore a different case number.
Appellee was brought to trial on the first indictment which alleged the October 8 offense. He was found not guilty.
Subsequently, the state sought to bring appellee to trial in the instant case on the indictment charging him with the September 27 offense. Appellee filed a motion to dismiss and argued the collateral estoppel aspect of double jeopardy. The trial court granted the motion in the order appealed from and made the following findings:
“3. Prior to trial, Defense counsel attempted to exclude ‘Williams Rule Testimony’ of offenses allegedly occurring between the victim and the Defendant prior to October 8, 1975. The State alleged that the offense was a continuing one, and that the Jury could only understand the testimony of the victim, doctors, etc. by knowing about the prior offenses. The Motion in Limine was denied and the State was permitted, over defense counsel’s objection, to introduce testimony about alleged prior involuntary sexual batteries between the victim and the Defendant which necessarily included the offense allegedly committed on September 27, 1975, as contained in 75-5493, and presently set for trial.
4. Throughout the trial, including closing argument, the State alluded to the continuing course of conduct by the Defendant, all this over defense counsel’s objection, and the State contended that the only issue in the case was the victim’s credibility, i. e. whether or not they believed the victim that the Defendant had indeed committed involuntary sexual battery upon her.
5. The defense rested at the end of the State’s case and presented no testimony.
6. The Jury returned a verdict of Not Guilty in Circuit Criminal Case Number 75-5405 on March 17, 1976.
7. The witnesses, discovery, etc. is [sic] identical in both the Involuntary Sexual Battery previously tried (75-5405) and the Involuntary Sexual Battery presently set for trial (75-5493).
8. The only rational basis on which the Jury could have rendered its verdict of Not Guilty in the previous trial (Ct. Cr. 75-5405) was on the issue that they did not believe the victim beyond every reasonable doubt that Jose Nocon had had sexual intercourse with her at any time.”
Condensed, the trial court ruled that the state was collaterally estopped from relying on the victim’s credibility as to whether appellee had sexual intercourse with her “at *912 any time,” since her credibility with respect thereto had already been determined by a valid and final judgment in favor of appel-lee. We think the court misconstrued the doctrine of collateral estoppel.
The leading case on the point is, of course, Ashe v. Swenson[1] in which the United States Supreme Court held that collateral estoppel “means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.”[2]
In that case, several masked men armed with a shotgun and pistols robbed six poker players in the home of one of the victims. Subsequently, Ashe was charged in six separate counts with robbery, each count naming as a victim a different one of the six poker players. He was tried alone on one count in a trial in which the single rationally conceivable issue to be tried was his identity as one of the robbers. The jury found him not guilty.
Thereafter, he was again brought to trial, this time under one of the remaining counts for the robbery of another participant in the same poker game as in the first trial. He was convicted.
The Supreme Court reversed on the ground of collateral estoppel, holding that the first jury had determined by its verdict that the defendant was not one of the robbers. He could not constitutionally be prosecuted a second time for the same robbery.
Clearly, the “ultimate fact” spoken of in Ashe was not the credibility of the underlying evidence upon which the prosecution was relying to establish the identity of Ashe as one of the robbers; the critical “ultimate fact” decided was that he was not one of the robbers. It certainly doesn’t necessarily follow that the underlying evidence was not credible as to issues not then being tried, as for example, the identity of one other than Ashe as one of the robbers.
Similarly, here, the “ultimate fact” decided was that appellee did not commit the charged offense on October 8,1975. Merely because the victim’s testimony was not sufficiently credible to persuade a jury of ap-pellee’s guilt on that date does not of itself mean that the jury did not believe her with respect to other offenses not then being tried. The trial court was wrong, therefore, in concluding that the verdict as to the October 8 offense necessarily meant that the jury did not believe appellee had committed sexual battery on her at “any” time. It follows that no critical “ultimate fact” relevant to the September 27 charge, the one here, was finally decided or determined by a prior valid and final judgment. Accordingly, collateral estoppel, and thus double jeopardy, is inapplicable here.
In view whereof, the order appealed from dismissing the indictment should be, and it is hereby, reversed; and the cause is remanded for further proceedings under the indictment.
HOBSON, Acting C. J., and SCHEB, J., concur.

. 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

. Id., 397 U.S. at 443, 90 S.Ct. at 1194.