513 So.2d 679 (1987)
STATE of Florida, Appellant,
v.
John M. SHORT, Appellee.
No. 86-1954.
District Court of Appeal of Florida, Second District.
August 26, 1987.
Rehearing and Rehearing Denied October 8, 1987.
*680 Robert A. Butterworth, Atty. Gen., Tallahassee and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellant.
Anthony S. Battaglia, Stephen J. Wein and Kelli Hanley Crabb of Battaglia, Ross, Hastings, Dicus & Andrews, P.A., St. Petersburg, for appellee.
Rehearing and Rehearing En Banc Denied October 8, 1987.
THREADGILL, Judge.
The state appeals the dismissal of an indictment on principles of collateral estoppel. We affirm.
On August 24, 1984, Pasco County Sheriff John Short (Short) was indicted on three counts of unlawful compensation. The third count alleged Short accepted pecuniary benefits from a John Moorman in return for a letter falsely indicating he had employed Richard Terry. This count also referred to allegations in counts one and two concerning real estate transactions and on October 23, 1984, the third count was dismissed as vague and multiplicious. The next day, in a two-count indictment, the state charged Short with official misconduct pursuant to Florida Statute 839.25, using the same factual allegations as in the dismissed count. The trial court dismissed the second indictment based on the unconstitutionality of § 839.25, Florida Statutes (1983).
On May 15, 1985, Short was acquitted by a jury on counts one and two of the first indictment alleging he accepted proceeds of the sale of a home and of a travel agency from Moorman in exchange for Moorman's continued employment as a deputy. This court later upheld the constitutionality of § 839.25 and reinstated the second indictment in State v. Short, 483 So.2d 10 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 597 (Fla. 1986).
Short then moved to dismiss the second indictment on grounds of collateral estoppel, *681 arguing that evidence concerning Richard Terry was heard under the Williams Rule at his first trial, had been made a focal point, and that the jury had necessarily decided it in his favor. The trial court dismissed the indictment on July 25, 1986. In the Order Granting Defendant's Motion to Dismiss the court found as follows:
An examination of the record in the prior trial reveals the rather profound injection into the prior trial of the substance of the indictment at issue. It cannot be gainsaid that the issues of the present action were not evidentiary facts in prior trial. As this defendant was acquitted in the prior trial in which the allegations of the present indictment played such a substantive role as evidentiary facts under the Williams Rule, it is clear that to require the defendant to defend again against the same factual allegations would be fundamentally unfair. Holland v. State, 466 So.2d 207 (Fla. 1985); Albert v. Montgomery, 732 F.2d 865 (11th Cir. 1984).
Collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. When an issue of ultimate fact has once been determined by a valid and final judgment in a criminal case it cannot be again litigated between the same parties. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In a criminal case, a jury does not respond to a special interrogatory, but rather expresses itself in a verdict of guilty or not guilty. In such a case, when a verdict of not guilty is rendered, the fact sought to be foreclosed must necessarily have been determined in the defendant's favor; it is not sufficient that the fact might have been determined in the first trial. U.S. v. Irvin, 787 F.2d 1506 (11th Cir.1986). The burden is on the defendant to prove by convincing, competent evidence that it was necessary in the initial trial to determine the fact sought to be foreclosed. U.S. v. Hogue, 812 F.2d 1568 (11th Cir.1987); U.S. v. Hewitt, 663 F.2d 1381 (11th Cir.1981). Therefore, where a previous judgment of acquittal in a criminal case is based upon a general verdict, the court is required to examine the record and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose. Ashe, 397 U.S. at 444, 90 S.Ct. at 1194.
The state contends that the court did not consider whether the verdict in the first trial could have been grounded on an issue other than the falsification of official records. We have examined the entire record in this case, including the record of the first trial, and find, as did the trial judge, that the jury in the first case must have found for Short regarding the Richard Terry evidence. The trial judge's ruling comes to us with the same presumption of correctness that attaches to a jury verdict and final judgment. DeConingh v. State, 433 So.2d 501 (Fla. 1983), cert. denied, 456 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); Demps v. State, 462 So.2d 1074 (Fla. 1984); State v. Chorpenning, 294 So.2d 54 (Fla. 2d DCA 1974).
In Ashe, six men playing poker were robbed by several masked gunmen. After being acquitted of robbery of one of the players, the defendant was tried for the robbery of another and convicted. The Supreme Court reversed. It held that because the single issue in dispute was the identity of the defendant as one of the robbers, the rule of collateral estoppel made the second trial wholly impermissible. In a specially concurring opinion, Justice Brennan, joined by Justices Douglas and Marshall, added that even if the rule of collateral estoppel had been inapplicable, the double jeopardy clause nevertheless barred the second trial because it grew out of the same transaction.
Prior to the first trial in this case, the state announced its theory that this was a single ongoing scheme. The state had filed a notice of intent to use Williams Rule evidence,[1] and Short had objected. The state argued that it would be impossible *682 to try the case in a vacuum and that the evidence was necessary to establish the relationship between the defendants. The state further stated that the totality of the relationship between these parties, that is, the corruption, was probably the most important element for the jury to hear. The court reserved ruling and the Terry evidence became a highlight of the trial. It was covered in opening statement, direct and cross-examination, and closing argument. The jury was never instructed to consider the Terry evidence apart from the charges of unlawful compensation as charged in the indictment. No restriction or limitation was made on the purposes for which the jury could consider the Terry evidence. Neither party requested, nor did the court give, the standard Williams Rule instruction. In Wingate v. Wainwright, 464 F.2d 209, 213 (5th Cir.1972), the court found no analytical distinction between an ultimate fact and an evidentiary fact in determining collateral estoppel. In other words, if the matter was litigated and resolved, collateral estoppel applies no matter how the factual issue was placed before the jury.
In Gragg v. State, 429 So.2d 1204 (Fla. 1983), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983), the defendant was charged with aggravated battery with a firearm; possession of a firearm by a convicted felon; and aggravated assault by use of a firearm. The possession charge was severed, and at trial, the defendant was found guilty of battery and simple assault. The trial court then dismissed the possession of a firearm charge on the basis of collateral estoppel. Although the district court reversed, the Florida Supreme Court upheld the trial court. The state argued that collateral estoppel should not bar further prosecution because the jury could have exercised its pardon power and returned verdicts on the lesser charges out of compassion or compromise. The supreme court, quoting Ashe, stated that "the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th Century pleading book, but with realism and rationality." 429 So.2d at 1206.
As the record demonstrates, the state's case against Short was based on credibility, and the jury evidently believed Short. The jury could not have acquitted him without rejecting the overall scheme of corruption presented by the state which included the document falsification evidence. In U.S. v. Mespoulede, 597 F.2d 329 (2d Cir.1979), the court noted that "[a]lthough the ground of acquittal cannot generally be ascertained ... we must not make the defendant's task even more formidable by straining to postulate `hypertechnical and unrealistic' grounds on which the jury could conceivably have rested its conclusions." 597 F.2d at 333.
In State v. Nocon, 352 So.2d 910 (Fla. 2d DCA 1977), the defendant was charged by separate indictments with sexual battery of the same child on different occasions. At the first trial, evidence of the other incidents was admitted under the Williams Rule. Nocon was acquitted. The lower court dismissed the second indictment on collateral estoppel grounds, explicitly finding that the only rational basis for acquittal was the jury's disbelief that Nocon had ever had sex with the victim. This court reversed, holding that because the victim could not persuade the jury of Nocon's guilt as to one offense did not necessarily mean it could not believe he had committed sexual battery on her at any other time. In Nocon, this court could segregate the various episodes of conduct, but we cannot do so in this case because the state presented evidence on the basis of an overall scheme of corruption.
The jury must have necessarily believed Short rather than the state's witnesses. It is not reasonable to speculate that the jury believed Short's testimony about all other issues in the case but not about the Terry evidence. As the case was presented, the jury had to accept or reject Short's testimony as a whole. Having failed to prove the illegal acts, the state cannot be permitted to try again by simply changing the name of the crime. McDonald v. Wainwright, 493 F.2d 204, 207 (5th Cir.1974).
*683 The order dismissing the indictment is affirmed.
SCHOONOVER, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.
NOTES
[1] Williams Rule evidence is evidence of other crimes which is admissible when relevant to prove a material fact in issue, such as proof of motive, intent, preparation, plan, knowledge, or identity. Williams v. State, 110 So.2d 654 (Fla. 1959).