PER CURIAM.
This is an appeal by the defendant Sheila Williams from judgments of conviction and sentences for attempted first-degree murder and armed kidnapping. We affirm in part and reverse in part.
As to the defendant’s first point on appeal, we find no reversible error presented on this record based on the trial court’s reprimand to defense counsel in the presence of the jury. Baisden v. State, 203 So.2d 194 (Fla. 4th DCA 1967). As to the defendant’s second point on appeal, we accept the state’s confession of error that the trial court improperly reclassified the defendant’s convictions from first-degree felonies to life felonies under Section 775.-087(1), Florida Statutes (1985), because the defendant did not have a weapon or firearm in her personal possession or readily available to her as required by the above statute for the upward reclassification of a felony conviction. Compare Earnest v. State, 351 So.2d 957 (Fla.1977) (Section 775.087(2), Florida Statutes (1985) requires personal possession; possession by accomplice insufficient for imposition of three-year mandatory sentence); Menendez v. State, 521 So.2d 210, 212 (Fla. 1st DCA 1988) (enhancement under § 775.081(1), Fla.Stat.(1985) permissible where evidence shows defendant had weapon “readily available,” though not in actual “physical possession”); Smith v. State, 438 So.2d 10, 14 (Fla. 2d DCA 1983) (same; weapon “within [defendant’s] immediate grasp”), rev; denied, 447 So.2d 888 (Fla.1984); Postell v. State, 383 So.2d 1159, 1162 (Fla. 3d DCA 1980) (defendant “must personally possess the weapon during commission of crime” for enhancement to be appropriate).
We therefore affirm the judgments of conviction for attempted first-degree murder and armed kidnapping, but modify such judgments to indicate that the subject convictions are first-degree felonies, not life felonies. We also affirm the sentences imposed as (1) they are concededly within *1034 the sentencing guidelines for the subject convictions as first-degree felonies, and (2) the record affirmatively reflects that the trial judge would have imposed these sentences even if he had treated the convictions as first-degree felonies.
AFFIRMED AS MODIFIED.