COBB, Judge.
The defendant below, James Brown, was charged with attempted kidnapping, robbery of a purse, and grand theft of a motor vehicle. According to facts adduced at trial, Brown accosted the victim in a parking lot and struggled with her; she fought him off and ran away; he followed her for a few steps, returned to the location of her car, picked up her purse and car keys which had dropped during the struggle, and drove away with the victim’s car. The jury was unable to reach a verdict and a mistrial was declared.
Thereafter, Brown moved to dismiss Count III, the charge of grand theft of the vehicle, on the ground that such would constitute double jeopardy since the robbery of the purse was the same offense, the two charges involving “a single taking” and “one single underlying act,” apparently relying on the Carawan[1] case. The trial court agreed and dismissed Count III. Subsequently, Brown was retried on the remaining two counts and was acquitted by the jury.
The state now appeals the trial court’s dismissal of the charge of grand theft of the motor vehicle. Clearly, this dismissal was error by the trial court, and that error basically is conceded by the appellee. Nevertheless, Brown contends that the true issue is whether the trial court’s error in dismissing Count III has been rendered moot (i.e., harmless) by his subsequent acquittal of the other two counts. That acquittal, according to the appellee’s brief, was based on the issue of identity; therefore, he contends, the state is now collaterally estopped to prosecute Brown for theft of the vehicle pursuant to the United States Supreme Court case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
We agree with the state that the collateral estoppel issue is a factual one that is not ripe for review. As the appellee acknowledges in his brief, “the burden is on the defendant to prove by convincing and competent evidence that the jury in the first trial necessarily decided the issue sought to be foreclosed.” See State v. Short, 513 So.2d 679, 681 (Fla. 2d DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988).
The state argues, in effect, that Brown could have been a principal in the theft of the car, which ultimately was recovered in Duval County, without having been the same individual who forcibly took it from the immediate possession of the victim. Since no evidence has been presented in *993 regard to the dismissed count, we do not have a factual basis to determine the estop-pel issue. That determination should first be made by a trial court.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GRIFFIN and DIAMANTES, JJ., concur.

. Carawan v. State, 515 So.2d 161 (Fla.1987).