PER CURIAM.
This appeal is taken from the trial court’s order granting appellee’s motion to dismiss the information. Appellee was charged with the offenses of aggravated battery with a firearm, aggravated assault with a firearm, two counts of shooting into an occupied dwelling, and possession of a firearm by a convicted felon. He successfully moved to sever the latter count. A jury trial on this count alone resulted in a verdict of not guilty. Asserting the principles of collateral estop-pel, appellee moved to dismiss the remaining charges. The trial court granted the motion, finding that the possession issue had been determined in favor of appellee in the first trial and, therefore, that the state was collaterally estopped from further prosecution. We disagree and reverse.
The supreme court decision in Gragg v. State, 429 So.2d 1204 (Fla.1983), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1984), sets forth the test to be applied under these circumstances:
[T]he test to determine whether collateral estoppel acts as a bar to further prosecution is not whether the factual issue in question was inherently decided by the jury’s prior verdict, but rather whether such factual issue was actually decided by the jury in reaching its verdict.
(Emphasis added). Id. at 1206. See also Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The burden is on the defendant to prove by convincing and competent evidence that the jury necessarily decided the issue sought to be foreclosed. State v. Brown, 590 So.2d 991 (Fla. 5th DCA 1991); State v. Short, 513 So.2d 679 (Fla. 2d DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988).
As we view this record, collateral es-toppel does not preclude prosecution of ap-pellee on the remaining charges. We are unable to say with certainty that the issue of possession was necessarily and actually decided by the jury in the case below. Appel-lee could have been acquitted of the offense of possession of a firearm by a convicted felon on any of the following bases: (1) the jury found that appellee was not a convicted felon, but was in possession of a firearm; (2) the jury found that appellee was a convicted felon, but was not in possession of a firearm; or (3) the jury found that appellee was neither a convicted felon nor in possession of a firearm.
Accordingly, the trial court’s order of dismissal is REVERSED.
BOOTH, MICKLE and LAWRENCE, JJ., concur.