645 So.2d 66 (1994)
William DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3635.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
Clarification Denied December 1, 1994.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
*67 PARIENTE, Judge.
Defendant appeals the denial of his motion to dismiss the charge of possession of a firearm by a convicted felon, claiming it is barred by collateral estoppel. The issue before us is whether defendant has been placed in double jeopardy by his conviction for possession of a firearm by a convicted felon after a previous jury acquitted him of aggravated assault and carrying a concealed weapon arising from the same incident. Because we find that the jury necessarily decided that defendant did not possess a firearm in the incident, the doctrine of collateral estoppel and the constitutional prohibition against double jeopardy bar his subsequent prosecution and conviction for possession of a firearm by a convicted felon.
These charges all stem from defendant's attempt to flee police officers on July 29, 1992. The testimony at defendant's trial on charges of aggravated assault by pointing a handgun, carrying a concealed weapon and resisting arrest without violence, consisted of the accounts of two police officers and defendant. The officers both testified that as defendant fled, he pulled a gun from underneath his clothing which he pointed directly at the officers. Officer Brannen specifically testified:
Myself and Officer Roesser were behind him, we were approximately four feet apart, and we couldn't see what he was doing here, but when he turned back around he pointed the weapon directly at us and didn't point it at the ground, didn't point it at the air.
Officer Roesser also testified concerning the weapon:
He [defendant] fumbled in his pockets pants area, and at that time he turned around with a small caliber semi-automatic weapon and pointed it at myself and Officer Brannen and we both took evasive action in different directions.
Defendant testified and emphatically denied having a gun that evening.
The trial court instructed the jury not only on the offenses of aggravated assault on a police officer, carrying a concealed weapon and resisting arrest without violence, but also on the lesser included offenses of aggravated assault  assault and improper exhibition of a firearm. The jury acquitted defendant of all charges and lesser included offenses which involved the handgun. Defendant was convicted only of the separate offense of resisting arrest without violence.
This court succinctly explained the application of collateral estoppel in State v. Strong, 593 So.2d 1065, 1067 (Fla. 4th DCA), rev. denied, 602 So.2d 942 (Fla. 1992):
From the fifth amendment guarantee against double jeopardy in the United States Constitution there has evolved the doctrine of collateral estoppel, which means that, when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future lawsuit... . Collateral estoppel may be employed to bar prosecution or argumentation of facts necessarily established in a prior proceeding... . A necessarily established fact has been held to be one which has been resolved in favor of the defendant at the prior trial and was essential to the conviction in said case. However, as the court said in Ashe [v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)], collateral estoppel does not apply if the verdict could be grounded upon an issue other than that which the defendant seeks to foreclose from consideration.
Defendant had the burden to prove by convincing, competent evidence that it was necessary in the initial trial to determine the fact sought to be foreclosed. State v. Short, 513 So.2d 679 (Fla. 2d DCA 1987). The trial court was required, upon appellant's motion based on collateral estoppel, to review the record and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose. Ashe, 397 U.S. at 444, 90 S.Ct. at 1194.
The state contends that the jury could have based its acquittal of the aggravated assault charge on a belief that defendant did not act in a threatening manner and its verdict on the concealed weapon charge on a belief that the state did not prove concealment. While we agree these contentions are *68 possible explanations which would not necessarily foreclose the issue of possession of a firearm, we find it difficult to believe a rational jury would have accepted part of the officers' trial testimony that defendant possessed a weapon but rejected their testimony that defendant pointed the gun directly at them. However, we need not resolve that conflict.
As defendant points out, the jury also acquitted him of the lesser included charge of improper exhibition of a firearm which requires proof only that the firearm was exhibited in a "rude or careless manner." If the jury had simply based its acquittal on the aggravated assault charge on its belief that defendant was more concerned with escape than threat, it had the option of finding defendant guilty of improper exhibition of a firearm if it believed the officers' testimony. A verdict of not guilty on this lesser offense as well leads us to the inescapable conclusion that the jury necessarily decided that defendant did not possess a firearm.
We find the reasoning of Gragg v. State, 429 So.2d 1204, 1206 (Fla. 1983) to be persuasive, even though we agree with the state that the facts are not identical to the case before us. In rejecting the state's argument that the jury did not necessarily decide the defendant did not possess a firearm when the jury acquitted the defendant of aggravated assault, the supreme court explained:
The state contends that collateral estoppel should not act as a bar to further prosecution because simple possession of a gun was not at issue in the first trial and because the jury may have returned verdicts on the lesser charges out of compassion, compromise, or exercise of their pardon power. It is true that on its face the jury's verdict did not specifically decide whether Gragg had possessed a gun. However, the United States Supreme Court has stated that
the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

Ashe v. Swenson, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) (footnote omitted) (quoting Mayers & Yarbrough, Bis Vexari: New Trials and Successive Prosecutions, 74 Harv.L.Rev. 1, 38-39 (1960)).
Having examined the record of the prior proceedings, including the testimony of the police officers and defendant, the instructions, as well as the information which charged defendant with aggravated assault "by pointing a handgun," we are compelled to conclude that the jury necessarily determined that defendant did not possess a firearm. We can find no other basis on which a jury could have rationally based its verdict acquitting defendant of aggravated assault by pointing a handgun as well as all the lesser included offenses.
Accordingly we reverse the trial court's order denying defendant's motion to dismiss the charge of possession of a firearm by a convicted felon and remand with instructions to set aside the conviction.
REVERSED AND REMANDED.
DELL, C.J., and WARNER, J., concur.