PER CURIAM.
We reverse the judgment and sentence for armed robbery with a firearm and remand for resentencing.
Appellant was charged with robbery with a firearm. The defense theory was that Appellant was not armed. Prior to commencing the trial in the armed robbery case, Appellant was tried and acquitted on the charge of possession of a firearm by a convicted felon.[1]
We are satisfied from our review of the record of Appellant’s trial on the charge of possession of a firearm by a convicted felon that there is no possibility that a rational jury would have acquitted Appellant on that charge by reasoning that the state had failed to prove that Appellant was in fact a convicted felon. The trial record reflects that there was undisputed proof that Appellant is a convicted felon. The state introduced certified copies of the prior felony conviction tied in by a fingerprint comparison by an expert. None of this evidence was challenged. The case was clearly tried strictly on whether the state proved he had a gun in his hand at the time of the theft. In fact, defense counsel, in both opening and closing statements, indicated that the only disputed issue in the case was whether Appellant possessed the alleged firearm. Therefore, the jury must have decided that the state failed to prove that he possessed a firearm.
Therefore, the not guilty verdict on the possession of a firearm by a convicted felon *21 charge bars the state from subjecting Appellant to double jeopardy by convicting him of robbery with a firearm. Gragg v. State, 429 So.2d 1204 (Fla.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983); Davis v. State, 645 So.2d 66 (Fla. 4th DCA 1994).
There was no evidence that there was any other weapon, or that the victims were otherwise in fear of the defendant, except as it related to their testimony that he brandished a gun. The state’s case for robbery rested entirely on the fact that the defendant took money while holding a gun on the victims. Without the gun, there is no robbery, because there was no evidence that any victim was placed in fear by means other than exposure to the gun. Accordingly, a conviction for robbery cannot stand without violating the prohibition against double jeopardy.
However, the jury also found the taking of money and we therefore remand for a vacation of the conviction of armed robbery, and for entry of a conviction of petit theft.
WARNER, J. and BROWN, LUCY, Associate Judge, concur.
STONE, J., concurs in part and dissents in part with opinion.

. The trial on the possession of a firearm by a convicted felon charge took place during the course of an appeal from prior proceedings on the armed robbery charge. The possession of a firearm by a convicted felon charge arose out of the same incident, and was based on the same facts, as the charge of robbery with a firearm now under review.