NORTHCUTT, Judge.
Herman Chambers was charged with attempted first-degree murder and with being a felon in possession of a firearm, stemming from the same incident. After Chambers was acquitted of the attempted murder charge, the circuit court dismissed the felon-in-possession count, holding that the State was collaterally estopped to proceed. We reverse. The charges were severed, and Chambers was first tried on the attempted murder count. When testifying in his own behalf, he admitted that he shot the victim, Stephen Johnson, but he claimed that he did so in self-defense. The jury acquitted him. Thereafter, Chambers moved to dismiss the felon-in-possession charge. First, he maintained that the prosecution was barred by collateral estop-pel because the jury’s finding that he had acted in self-defense also established his necessity defense to the felon-in-possession charge. Second, Chambers cited Florida Rule of Criminal Procedure 3.190(c)(4) and argued that the undisputed facts in his motion proved the defense of necessity. The court dismissed the charge based on collateral estoppel.
“When an issue of ultimate fact has once been determined by a valid and final judgment in a criminal case it cannot be again litigated between the same parties.” State v. Short, 513 So.2d 679, 681 (Fla. 2d DCA 1987) (citing Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Edüd 469 (1970)). “[W]hen a verdict of not guilty is rendered, the fact sought to be foreclosed must necessarily have been determined in the defendant’s favor....” Id. In this case, the State argues that the court erred in dismissing the felon-in-possession charge because the question of whether Chambers knowingly possessed a firearm by preconceived design was not necessarily decided by the jury’s verdict on the attempted murder charge. We agree.
Chambers was charged under section 790.23(1), Florida Statutes (2000), which makes it a second-degree felony for a convicted felon to own a firearm or to have one in his care, custody, possession, or control. Still, “the law has long recognized that there may be circumstances under which a convicted felon’s possession of a firearm would be justified and his conduct declared not criminal.” Marrero v. State, 516 So.2d 1052, 1054 (Fla. 3d DCA 1987). The Third District has described this “necessity” or “justification” defense to a violation of section 790.23 as follows:
(1) the defendant must be in present, imminent, and impending peril of death or serious bodily injury, or reasonably believe himself or others to be in such ' danger; (2) the defendant must not have intentionally or recklessly placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct; (3) the defendant must not have any reasonable, legal alternative to possessing the [firearm]; (4) the [firearm] must be made available to the defendant without preconceived de *458 sign[;] and (5) the defendant must give up possession of the [firearm] as soon as necessity or .apparent necessity .ends.
Marrero, 516 So.2d at 1055 (quoting State v. Crawford, 308 Md. 683, 521 A.2d 1193, 1200-01 (1987)); see also Smith v. State, 729 So.2d 496 (Fla. 5th DCA 1999) (setting forth same necessity instruction to charge of possession of a firearm by convicted felon). As recognized by Marrero, a “defendant may very well be excused from bis assault upon his assailant by reason' of :.. self-defense without being excused from his possession of the firearm, because he ... possessed it beforehand.” Marrero, 516 So.2d at 1054 n. 3; see also State v. Mateen, 678 Soüd 449, 451 (Fla. 2d DCA 1996) (noting that collateral estoppel did not bar prosecution for possession of firearm charge after acquittal on murder, attempted murder, and attempted armed robbery charges when defendant failed to carry burden of showing that the “not guilty verdict was based on the jury’s determination that he did not have a firearm”).
The record of the attempted murder trial reveals that Chambers argued with members of the Johnson family earlier in the day and was chased from their house. When he arrived home later that evening, several members of this family were there. Chambers . was again threatened. He reached under the seat of his truck, seeking some sort of weapon with which to protect himself. Chambers pulled out a rifle and shot Stephen Johnson, leaving directly afterwards. From these facts, the jury found that Chambers acted in self-defense.
The verdict in the’ attempted murder trial necessarily determined the first three elements of Chambers’ necessity defense to the felon-in-possession charge. But it did not necessarily establish the fourth element (the gun was made available to the defendant without preconceived design) or the fifth (the defendant gave up possession of the gun as soon as the necessity ended). Therefore, although the State may not relitigate the issue of self-defense, collateral estoppel does not preclude the State from prosecuting Chambers for being a felon in possession of a firearm.
As an alternative, Chambers argues that the court was right for the wrong reason. He contends that his motion to dismiss could have been granted because his necessity defense was established by the sworn allegations in the motion, which the State failed to traverse with specificity. Chambers relies on the following allegation:
Chambers, who was standing outside of his truck, reached under the seat to secure an object (tire iron) for purposes of self-defense. While groping under the seat, he felt an object and removed it, only to find that the object was a rifle, probably placed under the seat by an employee of Chambers’ landscaping business.
Contrary to . Chambers’ argument, these alleged facts do not establish the defense of necessity.
“When, considering a defendant’s rule 3.190(c)(4) motion to dismiss, all questions and inferences from the facts must be resolved in favor of the State.” State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999). Although Chambers’ motion described how the rifle was probably placed in his car, it did not show that Chambers was unaware of the rifle’s presence beforehand, which would be necessary to establish that the rifle was made available to him without preconceived design. Chambers testified at the first trial that he did not know the rifle was under the seat until he grabbed it that night. But he did not allege this fact in his motion, so the State was never called upon to *459 deny it. See Paleveda, 745 So.2d at 1027 (noting that the State need only traverse a sufficient motion). Thus, Chambers’ motion to dismiss did not allege facts sufficient to establish his necessity defense, and we cannot say that the court was right for the wrong reason in granting the motion. Accordingly, we reverse.
Reversed and remanded.
KELLY and WALLACE, JJ, concur.