NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,              )
                                     )
        Appellant,         )
                                     )
v.                              )     Case No. 2D14-1121
                                   )
FRANK J. BRICE, JR.,     )
                                   )
        Appellee.        )
_____)

Opinion filed June 3, 2016.

Appeal from the Circuit Court for Manatee
County; Charles E. Roberts, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellant.

Terra Carroll of Law Offices of Terra
Carroll, Lakewood Ranch, for Appellee.

SALARIO, Judge.

The State appeals an order dismissing a single count of an information

that charged Frank Brice with possession of a firearm by a person previously found to

be delinquent.  The trial court held that collateral estoppel barred the State from

prosecuting that count because Mr. Brice had been acquitted of related charges for

possession of a firearm on school property, carrying a concealed firearm, and trespassing on school property with a firearm, all of which arose out of the same events and were charged in the same information but had been severed for trial from the count for possession of a firearm by a person previously found to be delinquent.[1]  We reverse.

I.

Late on the night of July 6, 2013, police discovered Mr. Brice naked with his girlfriend in the backseat of her mother's car.  They were parked in an open lot adjacent to a technical high school located in a local community center.  As the police approached the car, Mr. Brice jumped from the back seat to the front seat.  The officers saw Mr. Brice reach under the front seat and heard the sound of metal clinking.  Mr. Brice emerged from the car, evidently wearing underwear but not pants, and explained to the officers that he was putting an umbrella under the seat.  Mr. Brice fled, and the police found a gun under the front seat of the car.  He was subsequently arrested.

The State charged Mr. Brice with one count each of possession of a firearm by a person previously found to be delinquent, possession of a firearm on school property, carrying a concealed firearm, trespass on school property with a firearm, and resisting arrest.  The trial court severed the count for possession by a person previously found to be delinquent from the remaining four counts and then tried those four counts to a jury first.

At the first part of his severed trial, Mr. Brice disputed that he possessed or carried a firearm and, as a result, that he could be convicted on the three firearm-

_____

[1]For the purposes of this opinion, we need not address the additional element of the charge related to whether Mr. Brice qualified as a person previously found to be delinquent.

related counts. The State presented evidence that Mr. Brice admitted to police both that he knew about the handgun and that he pushed the gun under the seat as police approached. Mr. Brice denied that the gun was his and that he placed it in the car and stated that other men had been in the car earlier and had placed the gun there. His girlfriend, whose fingerprints were found on the gun, testified that he removed the gun from his pocket when he removed his pants and that he put the gun back in the pants at her request. Mr. Brice denied keeping the gun in his pants, and the evidence was uncertain as to whether Mr. Brice was wearing pants at any time that mattered. There was no dispute that the gun was somewhere in the car during the relevant events.

The jury returned a general verdict of not guilty on the three firearm counts and guilty on the resisting arrest count. Each of the three firearm counts required the State to prove beyond a reasonable doubt that Mr. Brice possessed or carried a firearm, as applicable, and some additional element: the possession of a firearm on school property count required that the possession be on school property, § 790.01(2), Fla. Stat. (2013); the trespass on school property with a firearm count required a trespass on school property, § 790.115(2)(a); and the carrying of a concealed weapon count required a concealment on or about his person of the weapon carried, § 810.095(1), Fla. Stat. (2013). In addition to disputing that he possessed a firearm, Mr. Brice also disputed (1) whether he was on school property, (2) whether he committed a trespass, and (3) whether the firearm was concealed while carried on his person. Because the jury returned a general verdict—and the record contains no other indication of what its thinking was—we cannot tell whether its verdict on the three firearms counts rested on the elements of possession and carrying or the other elements of those offenses.

Following the verdicts, Mr. Brice moved to dismiss the remaining count for possession of a firearm by a person previously found to be delinquent pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Mr. Brice argued that the jury necessarily resolved the question whether he possessed or carried a firearm adversely to the State and, as a result, that any further prosecution of an offense requiring proof of possession was barred by collateral estoppel. Other than reciting that the jury returned not guilty verdicts on the other counts that contained possession of a firearm as an element, the motion offered very little in the way of supporting facts. After a hearing, the trial court entered an order granting the motion to dismiss, stating without further explanation that "[b]ased on the facts presented at trial . . . the only reasonable interpretation of the jury's verdict is that the Defendant's possession of the firearm was not proved." The State timely appeals.

II.

We review the trial court's order granting Mr. Brice's motion to dismiss de novo. See State v. Pasko, 815 So. 2d 680, 681 (Fla. 2d DCA 2002). We are required to take the facts and any inferences therefrom in the light most favorable to the State. Boler v. State, 678 So. 2d 319, 323 (Fla. 1996). The State argues that applying that standard, the trial court erred by holding that collateral estoppel foreclosed it from prosecuting Mr. Brice for possession of a firearm by a person previously found to be delinquent. We agree.

Collateral estoppel is a requirement of the constitutional protection against double jeopardy; it gives a trial jury's resolution of factual issues preclusive effect and thereby protects the defendant from being tried a second time over an issue a jury

- 4 -

previously decided in his favor.  See Ashe v. Swenson, 397 U.S. 436, 442-46 (1970).

The doctrine does not categorically preclude the State from trying a defendant twice for

different offenses involving overlapping issues, however, because it applies only when

an issue in a later prosecution "was actually decided by the jury" in an earlier one.

Gragg v. State, 429 So. 2d 1204, 1206 (Fla. 1983).  For collateral estoppel to apply, the

issue "sought to be foreclosed must necessarily have been determined in the

defendant's favor" in the first trial.  State v. Short, 513 So. 2d 679, 681 (Fla. 2d DCA

1987) (emphasis added).  That it is possible, or perhaps even likely, that the issue was

decided favorably to the defendant in the first prosecution is not sufficient to bar a

second prosecution.  Gragg, 429 So. 2d at 1206; see also Short, 513 So. 2d at 681 ("[I]t

is not sufficient that the fact might have been determined in the first trial.").

As a result, when a jury returns a general verdict of not guilty—as it did

here—and the reasons for its verdict are thus not evident, a trial court may dismiss a

subsequent charge on collateral estoppel grounds only if a rational jury could not have

based its verdict on an issue other than the one the defendant seeks to prevent having

litigated in a second trial.  Davis v. State, 645 So. 2d 66, 67 (Fla. 4th DCA 1994).  The

defendant has "the burden to prove by convincing, competent evidence" that this

standard is met.  Id.; see also Short, 513 So. 2d at 681.

In this case, Mr. Brice has failed to meet his burden to show that a rational

jury could not have grounded its verdicts on the three firearm offenses tried to the jury

on an issue other than whether he possessed a firearm.  The record shows that each of

those verdicts could have been reached by the jury's conclusion that the State failed to

prove other elements of each of the charged offenses.  In addition to disputing

- 5 -

possession, Mr. Brice contended (1) that the community center parking lot at which the relevant events took place was a publicly accessible business parking lot and was not part of the school grounds; (2) that there was no signage or other information from which Mr. Brice could have known he was on school property; (3) that there was no testimony that Mr. Brice jumped to the front seat with the gun and he merely kicked the gun that the previous occupants left there under that seat (thereby concealing it) when he was trying to put his pants back on; and (4) that the State had failed to carry its burden to show that he had concealed the firearm on or about his person.

On appeal, Mr. Brice contends that the issue of possession was the only issue in genuine dispute—and thus that a rational jury could only have resolved the case on that basis—but the record of the trial shows that such a characterization is not accurate. The factual disputes Mr. Brice raised went to the additional elements of presence on school property or knowledge that he was trespassing for purposes of the charges of trespassing and possessing a firearm on school property and the elements of concealment or whether it was on his person for the concealed carry charge. These disputes were founded in the trial evidence and argued by Mr. Brice's counsel to the jury in closing arguments. In combination, they could have led a rational jury to return not guilty verdicts without the necessity of any conclusion that the State failed to prove Mr. Brice possessed or carried a firearm. See, e.g., §§ 810.095(2) (defining school property); .097 (defining trespassing on school grounds); Gehring v. State, 937 So. 2d 169, 170 (Fla. 2d DCA 2006) (describing when a firearm is "concealed" and when it is "on or about the person" for the purposes of a concealed carry charge); see also State v. Lopez, 980 So. 2d 1270 (Fla. 2d DCA 2008) (distinguishing cases where a firearm

was simultaneously on or about a person and concealed from those where the elements were not simultaneous). This is doubtless why Mr. Brice's counsel presented these matters to the jury in the first place.

Not only does the record show that a rational jury could have reached a decision on issues other than possession, it also shows that this jury in fact did so with regard to at least one of the firearm counts. The jury here was instructed on the charged offense of trespassing on school property with a firearm and, in addition, on the lesser included offense of trespassing on school property without a firearm. The jury rejected both options and returned a not guilty verdict on the original charge and the lesser included offense. Because the lesser included offense did not include the possession of a firearm as an element, it follows that the jury's verdict must have rested on a finding that the State failed to prove a trespass on school property regardless of whether it ever concluded that the State proved the additional element of possession of the firearm. One can infer from the jury's resolution of the count for trespassing without a firearm that a reasonable jury could have resolved the other charges on elements unrelated to possession of the firearm as well.

Both in the trial court and here, Mr. Brice has heavily emphasized the decision in Davis, 645 So. 2d 66, in which the Fourth District held that an acquittal on charges of aggravated assault and carrying a concealed weapon collaterally estopped the State from prosecuting the defendant for being a felon in possession of a firearm. That case is distinguishable from these facts. In addition to acquitting the defendant of aggravated assault and concealed carry, the Davis jury also returned a not guilty verdict on the lesser included offense of reckless display of a firearm—an offense necessarily

- 7 -

based on possession of the firearm without regard to the other elements of the concealed carry charge. Reversing the trial court order denying the motion to dismiss, the Fourth District held that "[a] verdict of not guilty on this lesser offense . . . leads us to the inescapable conclusion that the jury necessarily decided that defendant did not possess a firearm." Id. at 68.

The dispositive difference between Davis and this case is that there is no acquittal of a lesser included offense involving a possession of a firearm element here.[2] See Ferguson v. State, 946 So. 2d 553, 554-55 (Fla. 4th DCA 2006) ("What differentiates the finding in Davis with the case at hand is that in Davis the jury also found in the first trial that the defendant was not guilty of the lesser included charge of improper exhibition of a firearm."). Unlike the court in Davis, we cannot say here that the jury's not guilty verdicts on the three firearm counts necessarily determined the issue of possession because the record fails to show that a not guilty verdict on any of those counts turned on a jury determination of that issue. See generally State v. Chambers, 890 So. 2d 456, 458 (Fla. 2d DCA 2004) ("The verdict . . . necessarily determined the first three elements of Chambers' necessity defense to the felon-in-possession charge. But it did not necessarily establish the fourth element . . . or the fifth . . . . Therefore, although the State may not relitigate the [determined elements],

---

[2]In dicta, the Davis court also stated that "we find it difficult to believe a rational jury would have" resolved the case on grounds other than possession because it would have required the jury to believe one part of a police officer's testimony while simultaneously disbelieving another closely related part of that same officer's testimony. 645 So. 2d at 68. Acknowledging that this was not the basis for its decision, however, the court actually resolved the case on the basis of the acquittal of the lesser included offense. Id. In any event, the record in this case is different from the record in Davis and, as described in the text, does not lead to the same concerns about whether a reasonable jury could have resolved the case on issues other than possession.

collateral estoppel does not preclude the State from prosecuting Chambers for being a felon in possession of a firearm.").

III.

Mr. Brice failed to carry his burden to prove by convincing, competent evidence that a rational jury could not have grounded its verdict in his first trial on an issue other than whether he possessed a firearm. For that reason, the trial court erred in granting his motion to dismiss the severed count for possession of a firearm by a person previously found to be delinquent. See id. at 459. We reverse the order on appeal and remand for further proceedings consistent with this opinion.

Reversed and remanded.

LaROSE and SLEET, JJ., Concur.