IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

        Appellant/Cross-Appellee,

v.

        Case Nos.  5D16-1283 and
                  5D16-1502

RICHARD WILLIAM JOY, III,

        Appellee/Cross-Appellant.

_____/

Opinion filed July 7, 2017

Appeal from the Circuit Court
for Seminole County,
Debra S. Nelson, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten and
Wesley Heidt, Assistant Attorneys General,
Daytona Beach, for Appellant/Cross-
Appellee.

James S. Purdy, Public Defender, and
Matthew Funderburk, Assistant Public
Defender, Daytona Beach, for
Appellee/Cross-Appellant.


PER CURIAM.

      We withdrew our prior opinion by order and now substitute the following. In this

consolidated appeal and cross-appeal, the State appeals the trial court's order dismissing

one count of an information that charged Richard William Joy, III with possession of a

firearm by a convicted felon and trafficking in cocaine while armed with a firearm, stemming from the same incident but severed for trial. The trial court ruled that collateral estoppel barred the State from prosecuting the felon-in-possession count because, while the jury found Joy guilty of armed trafficking, it found that he did not "actually possess a firearm." Joy cross-appeals his conviction and sentence and requests a new trial, arguing that the trial court erred in failing to give his requested special jury instruction. We affirm the court's denial of the special instruction without further discussion. However, we reverse the court's order dismissing the felon-in-possession count.

Detective Bradley Tollas of the Longwood Police Department was pursuing a Cadillac that was the subject of a police investigation and saw it crash with an unmarked police car. After the crash, the Cadillac's driver ran from the scene. Joy, the passenger, was unable to run and remained outside the car. Inside the Cadillac, Detective Tollas found a loaded handgun on the passenger-side floor, where Joy's feet would have been, and cocaine in the center console. Joy was taken into custody and subsequently charged with trafficking in cocaine while armed with a firearm and possession of a firearm by a convicted felon.

The trial court severed the charges and Joy proceeded to trial on the trafficking charge. The jury found Joy guilty of trafficking in cocaine and determined that he "individually carried" a weapon but did not "actually possess" a firearm during the commission of the offense, pursuant to section 775.087(1) and (2), Florida Statutes (2014). Based on the jury's finding that he did not actually possess a firearm during the commission of the trafficking offense, Joy moved to dismiss the felon-in-possession count of the information, claiming that the doctrine of collateral estoppel barred further

2

prosecution. The trial court agreed and dismissed the felon-in-possession count. This was error.

Appellate courts review orders granting motions to dismiss de novo. State v. Walthour, 876 So. 2d 594, 595 (Fla. 5th DCA 2004). On a motion to dismiss based on collateral estoppel, the trial court must determine whether "a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose." Davis v. State, 645 So. 2d 66, 67 (Fla. 4th DCA 1994). The doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). For collateral estoppel to apply, the issue "sought to be foreclosed must *necessarily* have been determined in the defendant's favor; it is not sufficient that the fact *might have* been determined in the first trial." State v. Short, 513 So. 2d 679, 681 (Fla. 2d DCA 1987) (emphasis added); see also Gragg v. State, 429 So. 2d 1204, 1206 (Fla. 1983) (holding that pertinent question when dealing with claim of collateral estoppel is whether factual issue was actually decided by prior jury in reaching its verdict); State v. Strong, 593 So. 2d 1065, 1067 (Fla. 4th DCA 1992) (holding collateral estoppel may bar subsequent prosecution of fact "necessarily established" in prior trial, which is defined as one resolved in favor of defendant in prior trial and essential to that prior conviction). The defendant has "the burden to prove by convincing, competent evidence" that this standard is met. Davis, 645 So. 2d at 67. Here, Joy has failed to satisfy that burden. While the jury found that Joy did not "actually possess" a firearm during the course of the trafficking offense,

3

we cannot say that the jury's findings "necessarily established" the issue of possession for the felon-in-possession offense because the jury found that Joy "carried" the firearm.

Section 775.087(1) allows for reclassification of an offense if the defendant carries any weapon or firearm during the commission of the felony. As the jury was instructed, "carry" is defined under this statute as either actual physical possession of a firearm or having the firearm readily available. Williams v. State, 531 So. 2d 1033, 1033 (Fla. 3d DCA 1988); Menendez v. State, 521 So. 2d 210, 212 (Fla. 1st DCA 1988); see James v. State, 16 So. 3d 322, 326 n.2 (Fla. 4th DCA 2009) (noting that definition of "carry" is narrower than "possess" because possession can be actual or constructive). Section 775.087(2)(a)1. further "enhances the sentence of a defendant who 'actually possessed' a firearm during the commission of the crime." Bundrage v. State, 814 So. 2d 1133, 1134 (Fla. 2d DCA 2002). In order for the firearm enhancement to apply, the State must prove actual possession, which, as the jury was instructed, is defined as either 1) the firearm was carried on the defendant's person or 2) the firearm was within immediate reach of the defendant with ready access to it and the defendant had the intent to use it during the commission of the crime. § 775.087(4), Fla. Stat. (2014); Fla. Std. Jury Instr. (Crim.) 3.3(d). Thus, in finding that Joy "carried" but did not "actually possess" a firearm, the jury in the trafficking trial must have concluded that while the firearm was readily available or within Joy's immediate reach, Joy neither had the firearm on his person nor had ready access to it with the intent to use it during the trafficking offense. As such, the jury did not necessarily determine that Joy did not "possess" a firearm to dismiss the severed felon-in-possession charge.

4

Section 790.23(1), Florida Statutes (2014), makes it a second-degree felony for a convicted felon to own a firearm or to have one in his care, custody, possession, or control. Under this statute, possession means "to have personal charge of or exercise the right of ownership, management, or control over an object," and can be actual or constructive. Fla. Std. Jury Instr. (Crim.) 10.15; see generally Daniels v. State, 718 So. 2d 1274, 1275 (Fla. 2d DCA 1998) (explaining that state must prove either constructive or actual possession to establish violation of section 790.23). Specifically, under section 790.23, "actual possession" requires only that the firearm is "so close as to be within ready reach and is under the control of the person," and does not require that it be carried on the person or with an intent to use it during the commission of any other crime. Fla. Std. Jury Instr. (Crim.) 10.15.

Because "possession" is defined differently in the jury instructions for violations of sections 775.087 and 790.23, the jury did not necessarily determine the issue of possession under section 790.23 in Joy's favor. The State is not barred from prosecuting the felon-in-possession charge. We reverse the trial court's dismissal of the felon-in-possession charge, and remand for a trial on this count.[1]

AFFIRMED in part; REVERSED in part; and REMANDED.

ORFINGER, EVANDER and WALLIS, JJ., concur.

---

[1] Because we remand for a trial on the felon-in-possession charge, we note that the trial court mentioned during the hearing on Joy's motion to dismiss that it would give the Florida Standard Jury Instruction (Criminal) 3.3(d) for the felon-in-possession charge. This would have been improper. The appropriate standard jury instruction for felon-in-possession charges is Instruction 10.15.