429 So.2d 1204 (1983)
Von Dee GRAGG, Petitioner,
v.
STATE of Florida, Respondent.
No. 61854.
Supreme Court of Florida.
April 7, 1983.
*1205 Ronald P. Gossett of Hodges, Gossett, McDonald & Gossett, Hollywood, for petitioner.
Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
BOYD, Justice.
This case is before us to review a decision of a district court of appeal, State v. Gragg, 409 So.2d 1127 (Fla. 4th DCA 1982), which passed upon a question certified to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Appellant Von Dee Gragg was charged in a three-count information with: (1) aggravated battery by use of a firearm; (2) possession of a firearm by a convicted felon; and (3) aggravated assault by use of a firearm. Before trial Gragg moved for and obtained a severance of the count charging him with possession of a firearm by a convicted felon. The case proceeded to a jury trial on the two remaining counts. At the trial the victim testified that Gragg at first beat him with a pistol and then later beat him with his fists. Gragg admitted to hitting the victim with his fists, but denied having possessed a pistol on the night in question. None of the other witnesses who were at the scene saw a pistol.
During its deliberations the jury asked: "[D]oes the [d]efendant have to have a gun to be guilty of the information charge of aggravated assault, also aggravated battery?" Because the information charged aggravated battery and aggravated assault with a deadly weapon, a firearm, the trial court instructed the jury that it would have to find that defendant used such a weapon. The jury found Gragg guilty of the lesser included offenses of simple battery and simple assault.
After trial the trial court granted the defense motion to dismiss the remaining count  charging possession of a firearm  on the ground of collateral estoppel. The state appealed this decision to the district court of appeal, arguing that the doctrine of collateral estoppel did not apply. The district court of appeal held that collateral estoppel did apply since the jury must have necessarily decided that at the time of the crimes Gragg did not possess a firearm. However, the district court of appeal concluded that although collateral estoppel *1206 would normally bar further prosecution for possession, Gragg was estopped from asserting this defense by his having moved to sever the count charging possession. The court then certified as a question of great public importance:
When a defendant successfully seeks severance for trial of one of several counts against him, will he be estopped later to assert collateral estoppel as a bar to prosecution on that count where it otherwise would be available[?]
409 So.2d at 1130.
Before we decide this issue we must first address a question raised by the state pertaining to the applicability of the doctrine of collateral estoppel. The state contends that collateral estoppel should not act as a bar to further prosecution because simple possession of a gun was not at issue in the first trial and because the jury may have returned verdicts on the lesser charges out of compassion, compromise, or exercise of their pardon power. It is true that on its face the jury's verdict did not specifically decide whether Gragg had possessed a gun. However, the United States Supreme Court has stated that
the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."
Ashe v. Swenson, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) (footnote omitted) (quoting Mayers & Yarbrough, Bis Vexari: New Trials and Successive Prosecutions, 74 Harv.L.Rev. 1, 38-39 (1960)). Therefore, the test to determine whether collateral estoppel acts as a bar to further prosecution is not whether the factual issue in question was inherently decided by the jury's prior verdict, but rather whether such factual issue was actually decided by the jury in reaching its verdict.
The district court of appeal correctly concluded that the jury actually decided that Gragg did not have a gun. The only evidence of Gragg's having possessed a pistol was the victim's testimony that Gragg used a pistol to hit him. Since the jury, by finding Gragg guilty of the lesser included offenses of simple assault and battery, acquitted Gragg of aggravated assault and battery, it must have concluded that Gragg did not hit the victim with a pistol. Since there was no evidence other than the victim's testimony, that Gragg possessed a pistol that night, the jury must have actually decided that Gragg did not have a pistol.
In response to the state's argument that the jury's verdict could have been a result of compassion or compromise, the district court of appeal found no evidence that the jury exercised its pardon power. The state argues that there was evidence which may have caused the jury to act leniently. The state points out that Gragg testified that the victim had struck and kicked at him first and that later he was very sorry for having hit the victim. There was also evidence that Gragg confronted the victim because the victim had struck a woman friend of Gragg's earlier in the evening. Hence there does seem to be some evidence to support the view that the jury exercised its pardon power.
However, we do not find such evidence relevant to the question of whether collateral estoppel should apply. Collateral estoppel does not depend on whether there is any evidence to support the view that the jury may have exercised its pardon power. Practically every jury verdict of acquittal is susceptible to such an interpretation. A jury's verdict may possibly be based upon a defendant's demeanor or other matters not reflected by the record. For this reason courts should not speculate on whether the jury has reached its verdict through compassion or compromise. In determining whether collateral estoppel applies, a court *1207 should limit its inquiry to whether there was a factual basis, rather than an emotional basis, upon which the jury's verdict could have rested. Since we have already found that there was no factual basis, other than Gragg's not having possessed a pistol, for the jury's not finding him guilty of aggravated assault and battery, we hold that collateral estoppel bars the state from relitigating this issue.
As for the question that was certified by the district court of appeal, we hold that a defendant is not estopped from asserting collateral estoppel as a defense to a charge after having sought and been granted a severance of the charge from other charges. The district court of appeal reached its holding that a defendant who successfully moves to sever one count from the others is estopped from asserting collateral estoppel as a defense by extrapolating from the decision of Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). In Jeffers the appellant was indicted, along with nine other persons, for conspiracy to distribute heroin and cocaine in violation of title 21, United States Code, section 846 (1970). A second indictment charged appellant alone with conducting a continuing criminal enterprise to violate the drug laws in violation of section 848 of the same statute. When the government moved to consolidate the two cases, Jeffers and his nine codefendants objected. The trial court denied the government's motion and a trial was held under the first indictment. The jury found Jeffers and six of the codefendants guilty. Meanwhile Jeffers filed a motion to dismiss the second indictment on the ground of double jeopardy. He argued that the section 846 conspiracy charge was a lesser included offense of the section 848 continuing-criminal-enterprise charge. The trial court agreed with the government's contention that the two charges were separate offenses and denied the motion. Jeffers was found guilty at the second trial. The Court of Appeals affirmed.
On appeal, Justice Blackmun, writing for four members of the Court, found that conspiracy under section 846 was a lesser included offense of the section 848 crime. Justice Blackmun noted that under Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), decided that same day, the Court had established the "general rule that the Double Jeopardy Clause prohibits a State or the Federal Government from trying a defendant for a greater offense after it has convicted him of a lesser included offense." 432 U.S. at 150, 97 S.Ct. at 2216. Justice Blackmun then stated that "although a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." Id. at 152, 97 S.Ct. at 2217 (footnote omitted). With Justice White concurring on other grounds, the Court upheld the second conviction.
We do not find the Jeffers decision to be dispositive for two main reasons. First, as already noted, the statement that the Double Jeopardy Clause does not apply when a defendant elects to have two offenses tried separately was concurred in by only four members of the Court. Four other members dissented to such a holding, and the ninth, Justice White, did not address the issue by deciding the case on other grounds. Thus the statement is merely dicta and is not an actual holding of the Court.
Secondly, Justice Blackmun's plurality opinion, in finding that Jeffers had not been forced to waive one constitutional right in order to assert another, suggested that the case might have been different if Jeffers had moved for a severance.
Petitioner argues that a finding of waiver is inconsistent with the decision in Simmons v. United States, 390 U.S. 377, 389-394 [88 S.Ct. 967, 973-76, 19 L.Ed.2d 1247] (1968), where the Court held that a defendant could not be required to surrender his Fifth Amendment privilege against compulsory self-incrimination in order to assert an arguably valid Fourth Amendment claim. In petitioner's case, however, the alleged Hobson's choice between *1208 asserting the Sixth Amendment fair trial right and asserting the Fifth Amendment double jeopardy claim is illusory. Had petitioner asked for a Rule 14 severance from the other defendants, the case might be different.
Id. at 153 n. 21, 97 S.Ct. at 2217 n. 21.
In the case at hand, the district court of appeal's decision would result in requiring Gragg to waive one constitutional right in order to assert another. Gragg moved to have the possession count severed so that evidence of his prior conviction could not be introduced so as to deprive him of his constitutional right to a fair trial. See State v. Vazquez, 419 So.2d 1088 (Fla. 1982). It would be unfair to encumber or restrict the exercise of this right by requiring him to waive his right against double jeopardy. Therefore, we hold that a defendant who successfully severs one charge from other charges is not estopped from asserting collateral estoppel as a bar to further prosecution under the severed charge.
We therefore quash the district court of appeal's decision and remand this case with instructions that the trial judge's order of dismissal be reinstated.
It is so ordered.
ADKINS, OVERTON and EHRLICH, JJ., concur.
ALDERMAN, C.J., and McDONALD, J., dissent.