WIGGINTON, Judge.
On September 9, 1982, two law enforcement officers responded to a reported burglary of a private residence. Upon arrival at the residence, the officers found the front door broken open; proceeding inside, *899 they observed a shadow moving in the kitchen. The officers rushed in to find Wade attempting to leave through the kitchen door; despite an order to halt, Wade persisted in his efforts to exit the kitchen. One of the officers grabbed him from behind, but at the same moment the door opened; the two tumbled to the ground and a gunshot was heard. Immediately, the officer held Wade down while his partner searched him. A .22 calibre revolver was discovered concealed inside Wade’s pants on his left side, and when the gun discharged, the bullet had grazed his left hip. He was transported to a hospital for medical treatment where he was advised of his rights.
Wade was subsequently charged by information with the offenses of armed burglary, contrary to Section 810.02(2)(b), Florida Statutes, and possession of a firearm by a convicted felon, in violation of Section 790.-23(1), Florida Statutes. He successfully moved to sever the two counts.
A jury found Wade guilty of burglary of a dwelling instead of armed burglary as charged, having been instructed:
If you find that in the course of committing the burglary, the defendant was armed or armed himself within the structure with [an] explosive or dangerous weapon, you should find him guilty of burglary while armed.
The severed charge of possession of a firearm by a convicted felon was set for trial soon after. Asserting principles of collateral estoppel and double jeopardy, Wade moved to dismiss the charge. The trial court granted the motion, finding that the possession issue had been determined in favor of Wade in the first trial and, therefore, that principles of collateral estoppel would bar the state from further prosecution. We reverse.
The recent supreme court decision in Gragg v. State, 429 So.2d 1204 (Fla.1983), supplies the test to be applied under these circumstances:
[T]he test to determine whether collateral estoppel acts as a bar to further prosecution is not whether the factual issue in question was inherently decided by the jury’s prior verdict, but rather whether such factual issue was actually decided by the jury in reaching its verdict.
[Emphasis added] 429 So.2d at 1206.
Thus, we must determine whether by its verdict as to the count charging armed burglary, the jury actually decided the factual issue of whether Wade possessed a gun on the night in question. As that issue relates to the severed count charging possession of a firearm by a convicted felon, we hold that the jury did not make that factual determination.
In so holding, we distinguish the circumstances in this case from those in Gragg. In Gragg, the charged offenses of aggravated assault and aggravated battery, as well as possession of a firearm by a convicted felon, arose from a single episode during which Gragg allegedly pistol-whipped the victim and then beat the victim with his fists. Other than the victim’s own uncorroborated testimony, no other evidence of Gragg’s having possessed a gun was adduced. The jury returned verdicts of simple battery and simple assault. The supreme court reasoned that “[s]ince there was no evidence other than the victim’s testimony, that Gragg possessed a pistol that night, the jury must have actually decided that Gragg did not have a pistol.” Id.
On the contrary, here the obvious need not be emphasized but to note that Wade shot himself with his own gun. The presence of the gun was a fact; that the jury failed to take notice of that fact in choosing to convict Wade of simple burglary instead of armed burglary speaks only to the issue of whether he was armed or armed himself within the dwelling. The evidence presented at the first trial did not convince the jury that Wade possessed a gun while inside the dwelling. The jury decided to find in his favor on that issue, and ours is not to wonder why.[1] However, the jury did not *900 by that finding necessarily find that Wade had not possessed a gun outside the dwelling. Arguably, Wade could have armed himself once outside. Thus, two distinct episodes characterize this case and distinguish it from Gragg: Wade’s activity inside the dwelling and his activity outside the dwelling. In Gragg, the court had before it only one episode, and there is was clear that the jury did not have before it evidence suggesting beyond a reasonable doubt that Gragg possessed a firearm during that episode.
Accordingly, the trial court’s order dismissing the charge of possession of a firearm by a convicted felon is REVERSED and the case is REMANDED for trial on the severed count.
THOMPSON, J., concurs.
ERVIN, C.J., dissents with an opinion.

. We are not at liberty to delve into the subjective minds of the jurors and to speculate as to *900 other factors which might have influenced their decision. As the supreme court noted in Gragg:
Collateral estoppel does not depend on whether there is any evidence to support the view that the jury may have exercised its pardon power. Practically every jury verdict of acquittal is susceptible to such an interpretation. A jury’s verdict may possibly be based upon a defendant’s demeanor or other matters not reflected by the record. For this reason courts should not speculate on whether the jury has reached its verdict through compassion or compromise. In determining whether collateral estoppel applies, a court should limit its inquiry to whether there was a factual basis, rather than an emotional basis, upon which the jury’s verdict could have rested.
429 So.2d at 1206.