ERVIN, Chief Judge,
dissenting.
The facts recited in the majority’s opinion do not support any reasonable inference that Wade arguably could have armed himself once he was outside the dwelling. The jury’s return of a verdict finding Wade guilty of burglary .of a dwelling, rather than of armed burglary, can only logically be explained in terms of the jury’s undoubted power to grant a jury pardon to Wade by finding him guilty of a lesser offense necessarily included within that of the offense charged. See discussion in State v. Bruns, 429 So.2d 307, 310 (Fla.1983).
Gragg v. State, 429 So.2d 1204, 1206-07 (Fla.1983) requires “a court [, in determining whether collateral estoppel applies, to] limit its inquiry to whether there was a factual basis, rather than an emotional basis, upon which the jury’s verdict could have rested.” This I think the lower court properly did. I would therefore affirm the order of dismissal.