COWART, Judge.
This case involves two criminal charges and the doctrine of collateral estoppel.
The State charged the defendant in one information with trafficking in cocaine (§ 893.135(l)(b)(3), Fla.Stat.) and in another information with conspiracy to commit the offense of trafficking in cocaine (§§ 777.-011, 777.04, 893.135(l)(b)(3), Fla.Stat.). The trafficking offense was tried first and in that trial the defendant successfully asserted the defense of entrapment. After being acquitted on the trafficking offense the defendant moved to dismiss the conspiracy charge on the basis of collateral estoppel. The trial court dismissed the conspiracy information citing Gragg v. State, 429 So.2d 1204 (Fla.1983), cert. denied, — U.S. -, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983), which cited and followed Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and the State appeals.
Because the plea of entrapment is in the nature of a plea of confession and avoidance and necessarily admits the existence of the offense charged, the trial court was eminently correct in concluding that the jury acquitted defendant of the trafficking charge on the basis of a reasonable doubt as to guilt created by the assertion of the defendant’s affirmative defense of entrapment. However, the trial court erred in concluding that, as a matter of law, logic or fact, the defense of entrapment, successfully asserted as to the trafficking charge, necessarily encompassed both the trafficking charge and the charge of conspiracy. The offense of conspiracy is legally separate and distinctly different from the criminal offense which constitutes the alleged subject matter of the alleged conspiracy. One may be guilty of both offenses, guilty of one and not guilty of the other, or not guilty of either. Each is a separate offense and may or may not be subject to one specific defense. A particular affirmative defense may be applicable to either, or neither, or both of the particular charges relating to both offenses. Accordingly, the jury finding that the defendant was entrapped as to the trafficking offense does not mean that the jury in that trial necessarily found that the defendant was also entrapped as to the conspiracy charge which was not then being tried.[1] Not only was such a finding unnecessary to a determination of the trafficking charge but testimony, if any, as to entrapment as to the conspiracy charge was legally immaterial and irrelevant to the issues tried in the trial of the trafficking charge. The defendant may or may not have also been entrapped as to the conspiracy charge but that defense should be asserted in the trial of the conspiracy charge. That issue was not decided against the State in the trial of the trafficking charge.
The order dismissing the conspiracy charge is
REVERSED and the cause REMANDED.
ORFINGER, J., and POWELL, R.W., Associate Judge, concur.

. See Morris v. State, 456 So.2d 471, 479 (Fla. 3d DCA 1984).