800 So.2d 308 (2001)
The STATE of Florida, Appellant,
v.
Adam L. HARWOOD, Appellee.
No. 3D01-463.
District Court of Appeal of Florida, Third District.
October 31, 2001.
Rehearing Denied December 5, 2001.
Robert A. Butterworth, Attorney General, and Alison B. Cutler and Susan Odzer Hugentugler, Assistant Attorneys General, for appellant.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
PER CURIAM.
The State of Florida appeals from an order granting the defendant's motion to dismiss a severed count of unlawful possession of a firearm by a violent career criminal. We reverse.
After the defendant was acquitted by a jury of several charges, including burglary with assault or battery while armed, robbery using a deadly weapon or firearm, and kidnaping with a weapon, the defendant moved to dismiss the severed count of unlawful possession of a firearm by a violent career criminal. The trial court *309 granted the defendant's motion finding that the prosecution of the charge was precluded by the doctrine of collateral estoppel.
The State contends that the trial court erred by granting the motion to dismiss. We agree.
In Gragg v. State, 429 So.2d 1204, 1206 (Fla.), cert. denied, 464 U.S. 820, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983), the Florida Supreme Court held that "the test to determine whether collateral estoppel acts as a bar to further prosecution is not whether the factual issue in question was inherently decided by the jury's prior verdict, but rather whether such factual issue was actually decided by the jury in reaching its verdict." A review of the record indicates that collateral estoppel does not bar prosecution of the severed count because the issue of whether the defendant possessed a firearm was not necessarily determined by the jury. The jury's decision to acquit the defendant could have been grounded on an issue other than whether the defendant possessed a firearm during the incident. See Garcia v. State, 591 So.2d 307 (Fla. 3d DCA 1991). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.