869 So.2d 1264 (2004)
Robert MORRIS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D03-2318.
District Court of Appeal of Florida, Third District.
April 14, 2004.
Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for petitioner.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for respondent.
Before COPE, GREEN and FLETCHER, JJ.
COPE, J.
Robert Morris petitions for a writ of prohibition by which he seeks to bar his trial on the charge of possession of a firearm by a convicted felon. The petition is well taken and we grant it.

I.
The defendant was charged with armed robbery, grand theft, attempted armed robbery, and possession of a firearm by a convicted felon. Count four, the firearm possession count, was severed prior to trial.
The case proceeded to trial on the charges of armed robbery, attempted armed robbery, and grand theft. The only issue at trial was whether the defendant *1265 had been correctly identified as the perpetrator of the holdup.
The two victims testified that they were walking in the Coconut Grove area of Miami when the defendant robbed them at gunpoint. The defense acknowledged that the victims had been robbed, but argued that the defendant was not the perpetrator.[1] The defense emphasized the differences between the defendant's actual appearance and the description given by victims at the time of the crime; the fact that no physical evidence connected him to the crime; and the fact that the defendant was not arrested until a week after the crime, not contemporaneously. The jury acquitted the defendant.
The State now seeks to proceed to trial against the defendant on the severed charge of possession of a firearm by a convicted felon. The defendant moved to dismiss, arguing that the State is collaterally estopped from trying the severed count where the jury in the first trial necessarily made a finding that the defendant did not commit the crimes. The trial court denied the motion and this petition followed.

II.
We conclude that the petition should have been granted and that the case is controlled by Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In Ashe, three or four perpetrators robbed six participants in a poker game in the basement of a home. The State prosecuted Ashe for robbing victim number one. The identification evidence was weak, as the robbers had worn masks. The jury acquitted Ashe of robbing victim number one. The State then tried Ashe for the robbery of victim number two and convicted him.
The United States Supreme Court ruled that collateral estoppel barred the prosecution of Ashe for the robbery of victim number two. The Court held that the concept of collateral estoppel "is embodied in the Fifth Amendment guarantee against double jeopardy." 397 U.S. at 445, 90 S.Ct. 1189. The Court stated:
[T]he record is utterly devoid of any indication that the first jury could rationally have found that an armed robbery had not occurred, or that [victim number one] had not been a victim of that robbery. The single rationally conceivable issue in dispute before the jury was whether the petitioner had been one of the robbers. And the jury by its verdict found that he had not. The federal rule of law, therefore, would make a second prosecution for the robbery of [victim number two] wholly impermissible.
Id.
That logic is directly applicable here. The only issue in the first trial of this defendant was whether the defendant had robbed the two victims. By its verdict the jury found that the defendant was not the robber. This finding bars the second prosecution, where that second prosecution is based on the claim that the defendant possessed a firearm during the very same armed robbery. See id.; see also Gragg v. State, 429 So.2d 1204, 1206-08 (Fla.1983); State v. Short, 513 So.2d 679, 681-82 (Fla. 2d DCA 1987).
*1266 The State argues that the decision in State v. Harwood, 800 So.2d 308 (Fla. 3d DCA 2001), supports the ruling below, but that is not so. In Harwood the defendant was charged with armed robbery and other offenses at his first trial, at which he was acquitted. Id. at 308. Thereafter the State proceeded against the defendant on the severed count of unlawful possession of a firearm by violent career criminal.
We held that collateral estoppel did not bar the second prosecution, based on the pertinent facts of that case. An examination of the briefs in Harwood reveals that in the first prosecution, the victims testified that they were robbed by the defendant in their home at gunpoint. The defendant testified that there was an encounter between him and the victims in their home, but that the victims owed him money and gave him money and property voluntarily. The jury acquitted the defendant. Against that factual background, we said collateral estoppel did "not bar prosecution of the severed count because the issue of whether the defendant possessed a firearm was not necessarily determined by the jury. The jury's decision to acquit the defendant could have been grounded on an issue other than whether the defendant possessed a firearm during the incident." Id. at 309 (citation omitted). Both sides in Harwood agreed that there was an encounter between the victims and the defendant but disagreed on what happened during the encounter. The acquittal was not dispositive of whether the defendant possessed a firearm during the encounter.
Here by contrast, the jury's previous acquittal of the defendant necessarily concluded that no encounter occurred between defendant and the victims. That conclusion is dispositive of the firearm charge in this case.
For the stated reasons, the petition for writ of prohibition is granted.
FLETCHER, J., concurs.
GREEN, J. (specially concurring).
I agree that the State is collaterally estopped from prosecuting the petitioner for the charge of possession of a firearm by a convicted felon after he was acquitted of armed robbery, grand theft, and attempted armed robbery involving the same criminal episode, but write separately to elaborate.
In Ashe, the United States Supreme Court concluded that collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. Thus, where an issue of ultimate fact has been determined by a valid and final judgment in a criminal case, that issue cannot again be litigated, between the same parties, in a future lawsuit. See 397 U.S. at 443, 90 S.Ct. 1189. Where a previous judgment of acquittal has been based upon a general verdict, a court must "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Id. at 444, 90 S.Ct. 1189.
However, Ashe was factually dissimilar from this case. In Ashe, the Court was confronted with the issue of whether the doctrine of collateral estoppel barred the subsequent prosecution of a defendant for armed robbery of a victim after this same defendant had been acquitted of armed robbery of another victim involved in the same episode. Id. at 438-40, 90 S.Ct. 1189. Specifically, in Ashe, six men were playing poker and robbed at gunpoint by several masked men. Id. at 437, 90 S.Ct. 1189. The defendant was charged as being *1267 one of the robbers. Id. at 437-38, 90 S.Ct. 1189. The State brought him to trial for armed robbery of one of the victims, and his defense was that of misidentification. Id. at 438, 90 S.Ct. 1189. He was acquitted. Id. at 439, 90 S.Ct. 1189. The State subsequently brought the defendant to trial for the robbery of another victim of the same incident, where he was convicted. Id. at 439-40, 90 S.Ct. 1189. The Supreme Court reversed, finding that once an earlier jury had determined, upon conflicting testimony, that there was at least a reasonable doubt as to whether the defendant was one of the robbers, the doctrine of collateral estoppel barred the State from relitigating the identification evidence in a second prosecution for the robbery of another victim in the hope that a different jury might find the same evidence more compelling. Id. at 445-46, 90 S.Ct. 1189.
The State in this case, however, is not, as in Ashe, attempting to separately prosecute the same charges on behalf of multiple victims. Rather, the State seeks to prosecute the petitioner for a separate crime which admittedly arose out of the same criminal episode, for which the petitioner was acquitted, but which requires separate elements of proof. The crime of unlawful possession of a firearm by a convicted felon, is a "victimless crime," in the sense that society as a whole is deemed the victim, rather than the two individual victims of the armed robbery. See Nelson v. State, 195 So.2d 853, 855 (Fla.1967) (finding purpose of statute prohibiting possession of firearms by convicted felons is to protect the public). The elements of proof for this crime differ from those elements of proof of the crimes[1] for which the petitioner was acquitted.
In this case, the petitioner was acquitted, pursuant to a general verdict, of armed robbery, attempted armed robbery, and grand theft. The State posits that it is therefore not collaterally estopped from prosecuting the petitioner for the severed charge of unlawful possession of a firearm by a convicted felon, claiming that this record does not show whether the jury's acquittal was based on the petitioner's misidentification defense or on the minimal police investigation of the crime. The *1268 State points out that none of the stolen items or the weapon were ever retrieved and there was no evidence that the petitioner made a purchase with the proceeds of the victim's $4,000 watch. It claims that these facts may have been the basis for the jury's reasonable doubt. In support of its argument, the State cites to Ashe for the proposition that:
Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to `examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'
See Ashe, 397 U.S. at 444, 90 S.Ct. 1189. Following Ashe, the Florida Supreme Court, in Gragg v. State, 429 So.2d 1204, 1206 (Fla.1983), held that "the test to determine whether collateral estoppel acts as a bar to further prosecution is not whether the factual issue in question was inherently decided by the jury's prior verdict, but rather whether such factual issue was actually decided by the jury in reaching its verdict."
Based upon Ashe and Gragg, the State appears to posit that because the jury could have based its acquittal solely on the dearth of evidence against the petitioner, the issue of whether the petitioner was unlawfully in possession of a firearm was not actually litigated. A review of the record evidence, however, refutes any such theory. At no time, in this case, did the defense ever dispute the fact that the victims were robbed at gunpoint.[2] The defense merely disputed that the petitioner was the armed robber. In acquitting the petitioner, the jury must have concluded that the petitioner was not the armed robber. To accept the State's theory that the jury might have decided this case on some other issue is to engage in the kind of speculation which the U.S. Supreme Court has cautioned against:
If a later court is permitted to state that the jury may have disbelieved substantial and uncontradicted evidence of the prosecution on a point the defendant did not contest, the possible multiplicity of prosecutions is staggering. * * * In fact, such a restrictive definition of `determined' amounts simply to a rejection of collateral estoppel, since it is impossible to imagine a statutory offense in which the government has to prove only one element or issue to sustain a conviction.
Ashe, 397 U.S. at 444 n. 9, 90 S.Ct. 1189; see also Gragg, 429 So.2d at 1206-07 (holding *1269 that in collateral estoppel cases, courts should limit inquiry to whether factual basis exists for jury's verdict).
Thus, based upon the record evidence in this case, the issue of identity in the first case is dispositive of the unlawful gun possession charge, and the State is legally foreclosed from proceeding with that prosecution. That is to say that now that a jury has determined that there is reasonable doubt that the petitioner committed the robbery, the State may not present the same or different identification evidence to prove that the petitioner possessed a gun, when, according to the uncontested testimony at trial, the man who committed the robbery was the same man who possessed the gun.
The protections afforded by the double jeopardy clause are intended to provide finality for criminal defendants. Once a defendant has been found not guilty of a crime, he cannot be tried again for that same crime. The collateral estoppel doctrine is a corollary to that principle: once a defendant has successfully litigated a particular issue, the State cannot make him relitigate it. That is exactly what the State attempts to do here. A trial against the petitioner on firearm possession would amount to nothing more than another trial about whether the same two victims identified the right man. As the Supreme Court said in Ashe: "whatever else that constitutional guarantee may embrace, it surely protects a man who has been acquitted from having to `run the gantlet' a second time." 397 U.S. at 445-46, 90 S.Ct. 1189 (internal citations omitted).
For the above reasons, I agree that the petitioner's request for writ of prohibition should be granted.
NOTES
[1] The defense closing argument included:

Robert Morris did not commit the crime that he has been accused of.
....
... [W]hat happened to [the victims] was horrible. That is not an issue in this case.
That fact is not in dispute, that they were violently robbed.... The only issue in this case is who is responsible for that.
TR. 253-55.
[1] To prove the crime of unlawful possession of a firearm by a convicted felon, the State needs to establish the following two elements beyond a reasonable doubt:

1) The defendant has been convicted of a felony; and
2) After the conviction, the defendant owned or had in his care, custody, possession, or control, a firearm.
See § 790.23, Fla. Stat. (2001); Fla. Std. Jury Instr. (Crim.) 10.15.
To prove robbery with a deadly weapon (or firearm), the State needed to prove beyond a reasonable doubt that:
1) Defendant took the money or property described from the person or custody of the victim.
2) Force, violence, assault, or putting in fear was used in the course of the taking.
3) The property taken was of some value.
4) The taking was with the intent to permanently or temporarily deprive the victim of his or her right to the property or any benefit from it, or appropriate the property to the defendant's own use or to the use of any person not entitled to it.
5) The defendant carried a deadly weapon (or firearm) in the course of committing the robbery.
See § 812.13, Fla. Stat. (2001); Fla. Std. Jury Instr. (Crim.) 15.1.
To prove grand theft in the third degree, the State needed to prove the following elements beyond a reasonable doubt:
1) Defendant knowingly and unlawfully obtained the property of victim.
2) He did so with intent to, either temporarily or permanently, deprive victim of his or her right to the property or any benefit from it or appropriate the property to the defendant's own use or to the use of any person not entitled to it.
3) The value of the property taken was $300 or more but less than $20,000.
See § 812.014, Fla. Stat. (2001); Fla. Std. Jury Instr. (Crim.) 14.1.
[2] In its opening statement, defense counsel said:

The prosecutor was correct in his opening statement when he told you that on August 18, 2002, [the young man and the young woman] were victims. They were both victims of a robbery.
He was incorrect, however, when he told you that Robert Morris was the person that committed this crime. What this case is about, folks, is misidentification.
In closing argument, defense counsel stated:
That fact is not in dispute, that [the victims] were violently robbed when they were walking to their home.... The only issue in this case is who is responsible for that.
....
The State has not proved this case to you. They have proved that a crime was committed. They did not prove Robert Morris was the person that committed it.
Even the prosecution, in closing, told the jury that identity was the only issue:
As you know, the issue in this case has been ID. Let's go through some of the reasons why the identification in this case of Robert Morris is legitimate, and valid, and should be believed.
Moreover, the defense declined to have the jury instructed on any lesser included charges.