SHAHOOD, J.
This issue involves whether appellant may be prosecuted for possession of a firearm by a convicted felon after a jury previously acquitted him of attempted first-degree murder based upon the same facts. We hold that because the jury did not have to factually decide whether appellant possessed a firearm in the first trial, the State is not collaterally estopped from bringing the second charge.
The facts surrounding the charge of attempted first-degree murder involve appellant’s confrontation with Ronald Youmans, the victim. Both sides dispute who actually possessed the firearm and how Youmans was shot, whether it was by appellant himself or Youmans by accident. The gun itself was never recovered. The jury found appellant not guilty of attempted first-degree murder, leaving blank a question on the verdict form as to whether appellant actually possessed a firearm during the commission of the crime.
More than a year later, a trial was held on appellant’s charge of possession of a firearm by a convicted felon based on the same incident in the previous trial. The jury found appellant guilty as charged and that appellant actually possessed a firearm during the commission of the crime.
The doctrine of collateral estop-pel “bars relitigation of the same issues between the same parties in connection with a different cause of action.” Topps v. State, 865 So.2d 1253, 1255 (Fla.2004). However, “collateral estoppel does not apply if the verdict could be grounded upon an issue other than that which the defendant seeks to foreclose from consideration.” State v. Strong, 593 So.2d 1065, 1067 (Fla. 4th DCA), rev. denied, 602 So.2d 942 (Fla.1992). In determining whether collateral estoppel acts as a bar to further prosecution, the test is “not whether the factual issue in question was inherently decided by the jury’s prior verdict, but rather whether such factual issue was actually decided by the jury in reaching its verdict.” Id. at 1268.
In a similar situation, the court found that a second prosecution for firearm possession was estopped by the first trial regarding armed robbery in Morris v. State, 869 So.2d 1264 (Fla. 3d DCA 2004). Because the jury acquitted the defendant in the first trial, it necessarily concluded that no encounter occurred between the defendant and the victim; therefore, the court concluded there could be no possession, as the evidence only identified the robber in possession of the firearm. Id. at 1266.
In contrast, a defendant charged with armed robbery and acquitted was allowed subsequently to be prosecuted for unlawful possession of a firearm in State v. Har-wood, 800 So.2d 308 (Fla. 3d DCA 2001). The parties agreed in the first trial that there was an encounter between the defendant and victims, but disagreed on what happened during the encounter. Id. at 309. Whether the defendant actually possessed a firearm was not necessarily determined by the jury. Id.
We distinguish this court’s prior decision in Davis v. State, 645 So.2d 66 (Fla. 4th DCA 1994). In Davis, this court held that a subsequent prosecution and conviction for possession of a firearm by a convicted felon was barred by collateral estoppel. The defendant was previously acquitted of aggravated assault and carrying a concealed weapon. What differentiates the finding in Davis■ with the case at hand is that in Davis the jury also found in the *555 first trial that the defendant was not guilty of the lesser included charge of improper exhibition of a firearm. Id. at 67. The court reasoned that without the jury’s decision on the lesser, it would be possible for the prior convictions not to foreclose possession of a weapon. Id. at 68. A not guilty verdict on the lesser offense led the court to the inescapable conclusion that the jury necessarily decided that the defendant did not possess a firearm. Id.
Based on the above, collateral estoppel does not bar a subsequent prosecution for possession of a firearm by a convicted felon in this case. The jury in appellant’s first trial found only that he was not guilty of attempted first-degree murder and made no decision as to whether he actually possessed a firearm. Without a determination of possession in the first trial, prosecution for possession is not barred in the second trial.

Affirmed.

STONE and HAZOURI, JJ., concur.