IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NATHANIEL JACKSON,

     Petitioner,

v.

STATE OF FLORIDA,

     Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4085

Opinion filed January 15, 2016.

Prohibition – Original Jurisdiction.

Nancy A. Daniels, Public Defender, Samantha Porche, Assistant Public Defender, Quincy, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Petitioner.

Pamela Jo Bondi, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Respondent.

BILBREY, J.

    Nathaniel Jackson petitions for a writ of prohibition following the denial of his motion to dismiss. He argues that a prosecution for possession of a firearm by a convicted felon is barred by collateral estoppel as embodied in the Double Jeopardy

Clause of the federal and state constitutions. U.S. Const. amend. V; Art. I, § 9, Fla. Const.; Ashe v. Swenson, 397 U.S. 436 (1970). We grant the petition because the State is barred from introducing evidence that Jackson committed an assault, an offense for which he has been acquitted. However, while the State is prohibited from using certain evidence, it is not barred from prosecuting Jackson on the pending charge of possession of a firearm by a convicted felon.

Prohibition is an extraordinary writ by which a court may prevent a lower court or tribunal, over which it has appellate and supervisory jurisdiction, from acting outside its jurisdiction. Mandico v. Taos Constr., Inc., 605 So. 2d 850, 853–54 (Fla. 1992). The writ is discretionary. Southern Records & Tape Serv. v. Goldman, 502 So. 2d 413, 414 (Fla. 1986). "[The writ is] very narrow in scope, to be employed with great caution and utilized only in emergencies." English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977).

Jackson was charged with aggravated assault with a firearm and possession of a firearm by a convicted felon. The charges were severed, and at the subsequent trial on the aggravated assault charge, the prosecution relied primarily on the testimony of one witness, Willie Daniels. This witness testified that as he was leaving a convenience store, Jackson, seated on the passenger side of a car, made an unwelcomed gesture to which Daniels responded with profanity as he walked towards his car. Daniels further testified that before he reached his car, he heard Jackson call to him. Daniels turned

around to find Jackson outside of the car pointing a revolver at him. Daniels was able to get into his own car as Jackson returned to his, which was being driven by a female. Before Daniels left the parking lot, however, he spotted a police cruiser and told the officers therein what had just transpired. He identified the car to the officers, who stopped and arrested Jackson shortly thereafter. No other witness testified to the confrontation between Jackson and Daniels or to the possession of a firearm by Jackson.

As noted, Jackson was charged with aggravated assault by a firearm, and besides that offense, the verdict used at trial included the lesser offense of assault. With respect to the aggravated assault charge, the jury was asked to find with a "yes" or "no" answer whether Jackson actually possessed a firearm. Jackson was acquitted of both the charged offense of aggravated assault with a firearm as well as assault. The question as to whether he possessed a firearm was left unanswered. He thereafter moved to dismiss the pending charge of possession of a firearm by a convicted felon arguing a prosecution of this charge would constitute double jeopardy. In support of his argument to dismiss, Jackson cited Ashe and Jones v. State, 120 So. 3d 135 (Fla. 4th DCA 2013), among others. The State opposed dismissal, and at the hearing on the motion to dismiss, it represented that it intended to again call Daniels and have him testify to "exactly, virtually the same exact thing." The trial court denied the motion to

3

dismiss.[1]

In Ashe, the United States Supreme Court held that the principle of collateral estoppel is embodied in the Double Jeopardy Clause. "Collateral estoppel" means simply that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443. The Supreme Court added:

> [T]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

Ashe, 397 U.S. at 444 (citations omitted).

In Gragg v. State, 429 So. 2d 1204, 1206 (Fla. 1983), the Florida Supreme Court held that "the test to determine whether collateral estoppel acts as a bar to further prosecution is not whether the factual issue in question was *inherently decided* by the jury's prior verdict, but rather whether such factual issue was *actually decided* by the

---

[1] We do not have the entire transcript of Jackson's first trial before us, but as the hearing transcript on the motion to dismiss reflects, both sides are in agreement that Daniels was the only one to testify that Jackson actually possessed a firearm. Other comments from the hearing transcript indicate that when Jackson's vehicle was stopped, a firearm was found in a purse inside the vehicle. We make no comment as to

4

jury in reaching its verdict." (Emphasis added). As this court has explained, "collateral estoppel does not create a complete bar to prosecution, rather, it "may in some cases only prevent the relitigation of certain issues." Harris v. State, 449 So. 2d 892 (Fla. 1st DCA 1984) (quoting 21 Am.Jur.2d Criminal Law § 322 (1981)). But, "evidence of crimes for which a defendant has been acquitted is not admissible in a subsequent trial." State v. Perkins, 349 So. 2d 161, 164 (Fla. 1977); see also Ashe.

We grant prohibition because Ashe and its progeny preclude the introduction of any evidence that Jackson committed an assault. By its acquittal of the offenses of aggravated assault and simple assault, the jury clearly did not believe Daniels' testimony that Jackson threatened to do violence or that he was placed in fear by Jackson. Thus, because a jury has already found as a matter of fact that Jackson did not assault Daniels, any prosecution on the pending charge must necessarily be done so without use of any evidence suggesting an assault. But, because the jury in the prior case could have acquitted Jackson for reasons besides his possession of a firearm, it cannot be said that the jury "actually decided" the issue of whether Jackson did or did not possess a firearm. See Gragg, 429 So. 2d at 1206. Indeed, the jury left unanswered the question on Jackson's verdict as to whether or not he "actually possess[ed] a firearm." Thus, we do not agree wholesale dismissal of the pending charge in the case at bar is required.

---

whether Jackson did or did not possess a firearm.

5

Contrary to what Jackson now argues, the case at bar is distinguishable from Jones. The defendant in Jones was tried on multiple counts following the robbery and shooting death of a grocery clerk by Corey Graham. The robbery and murder of the clerk was captured on surveillance, and Graham was convicted of that murder and robbery. The subsequent charges filed against Jones, an acquaintance of Graham, were: accessory after the fact to robbery with a firearm and first degree murder, tampering with or fabricating physical evidence, tampering with a witness, victim or informant, as well as delinquent in possession of a weapon/firearm/ammunition; the latter charge was severed from the other charges for trial. 120 So. 3d at 136.

According to the reviewing court, the prosecution of Jones relied primarily on the testimony of a single witness, Graham's mother, who testified that Graham took a firearm and gave it to Jones, who was threatening Graham over the failure to return the firearm. The firearm was never recovered. Jones was acquitted of the first three charges, and therefore, he sought to dismiss the pending charge. Id. at 136-37.

The Fourth District granted a writ of prohibition and instructed that a charge of possession of a firearm by a delinquent be dismissed by the trial court as barred by collateral estoppel. In prohibiting prosecution of the remaining charge of delinquent possession of a firearm, the Jones court observed that the credibility of the testimony of Graham's mother "was the central feature of the first [Jones] trial, and the jury's verdict could not rationally have been grounded on another basis." Id. at 139. By its acquittal,

6

the jury "essentially determined that the state had failed to prove the incident that constituted the basis for all three of the charges." Id. Thus, to allow the State "to again present [the mother's] testimony to prosecute Jones for allegedly possessing a firearm in this same incident would violate the spirit and dictates of Ashe." Id.

At first blush, Jones would seem to support dismissal of the instant charge of possession of a firearm. The instant case, however, is distinguishable. A conviction of the defendant on the initial three charges in Jones would have depended entirely on believing the mother; therefore, the acquittal plainly meant the jury did not believe her testimony in its entirety. The jury in Jones could not have accepted some of the mother's testimony and still acquitted the defendant on all charges. Here, in contrast, the jury could have accepted some of Daniels' testimony (e.g., that Jackson possessed a firearm) and still acquitted him of aggravated assault.

The decision in State v. Harwood, 800 So. 2d 308 (Fla. 3d DCA 2001), supports the above analysis. The pertinent facts of Harwood are as follows:

> After the defendant was acquitted by a jury of several charges, including burglary with assault or battery while armed, robbery using a deadly weapon or firearm, and kidnaping with a weapon, the defendant moved to dismiss the severed count of unlawful possession of a firearm by a violent career criminal. The trial court granted the defendant's motion [to dismiss] finding that the prosecution of the charge was precluded by the doctrine of collateral estoppel.

Id. at 308-309. The reviewing court held the trial court erred in dismissing the charge

7

of possession of a firearm by a violent career criminal because the issue of whether the defendant actually possessed a firearm was not necessarily determined by the jury. "The jury's decision to acquit the defendant could have been grounded on an issue other than whether the defendant possessed a firearm during the incident." Id. at 309.

Similarly, the decision in Ferguson v. State, 946 So. 2d 553 (Fla. 4th DCA 2006), also supports the prosecution of Petitioner in the instant case. In Ferguson, a defendant was acquitted of attempted first degree murder. According to the reviewing court, defendant claimed the shooting was an accident; the firearm was never recovered. In acquitting the defendant, the jury left blank the question on the verdict as to whether the defendant actually possessed a firearm. Id. at 554. A subsequent prosecution for possession of a firearm by a convicted felon was not barred, the reviewing court held, because the "jury in appellant's first trial found only that he was not guilty of attempted first-degree murder and made no decision as to whether he actually possessed a firearm. Without a determination of possession in the first trial, prosecution for possession is not barred in the second trial." Id. at 555. Thus, like the instant case, the acquittal in the first trial in Ferguson could be explained by a failure of proof on an element apart from the actual possession of a firearm.

In conclusion, the State is barred from using any evidence that Jackson committed an assault. However, the State is not barred from seeking a conviction on the pending charge of possession of a firearm by a convicted felon so long as it can do

8

so without offering evidence that Jackson committed an assault.  The petition is GRANTED.

BENTON and LEWIS, JJ., CONCUR.